**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARCHIE CRANFORD,

              Plaintiff - Appellant,

  v.

VANESSA CEBALLOS,

              Defendant - Appellee.

No. 15-15329

D.C. No. 1:14-cv-00210-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted March 15, 2016[***]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Archie Cranford, a civil detainee, appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action relating to the denial of medical

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Cranford consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

care for a burn. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We reverse and remand.

Dismissal of Cranford's action was improper because, liberally construed, the allegations in the amended complaint were "sufficient to warrant ordering [defendant] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012). Cranford alleged that he spilled scalding coffee on his body and burned himself severely, but defendant Ceballos thought it was humorous and refused to get him medical care. *See Youngberg v. Romeo*, 457 U.S. 307, 321-23 (1982) (explaining that involuntarily committed persons are "entitled to more considerate treatment" than prisoners and that liability is imposed when a decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment"). Moreover, because the dismissal of Cranford's first amended complaint was improper, dismissal on the alternate basis that Cranford failed to comply with the court's order to file an amended complaint was an abuse of discretion. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (setting forth standard of review).

We do not consider Cranford's racial discrimination claim because Cranford

failed to replead it in his operative complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("[F]or any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

We do not consider allegations relating to an assault and an alleged failure to protect because they were raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**REVERSED and REMANDED.**